UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAVANCE ROSS PAYNE, | No. 2:18-cv-0956 JAM CKD P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. BASER, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On September 21, 2018 the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a) and found that plaintiff may proceed on claims arising under the Eighth Amendment against California State Prison, Sacramento Correctional Officers C. Baser and S. Crisanto (defendants) as detailed in plaintiff's "First Cause of Action." In his "First Cause of Action," plaintiff asserts defendant Baser used excessive force against plaintiff and defendant Crisanto failed to intervene.

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting plaintiff admits in his complaint that he failed to exhaust available administrative remedies prior to filing suit. When considering a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93-94

/////

(2007) and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7.

In Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), the Ninth Circuit described when dismissal of a complaint for failure to exhaust administrative remedies is appropriate under Rule 12(b)(6). Specifically, the court found that dismissal is only appropriate when failure to exhaust is "clear from the face of the complaint" and that "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." In support of the court's position, the Ninth Circuit cited Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) in which the Tenth Circuit held that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse."

On page 3 of his complaint, plaintiff indicates that he submitted a prisoner grievance concerning the basis for his claim in plaintiff's "First Cause of Action." However, plaintiff admits he did not submit his grievance to the final level, and when asked on the court's form-complaint to explain why he did not proceed to the final level, plaintiff did not provide an answer.

In light of the Ninth Circuit's decision in Albino, however, the court cannot find dismissal under Rule 12(b)(6) appropriate as it is at least possible plaintiff has a valid excuse for not proceeding to the final level of review.[1] While the court will recommend that defendants' motion

---

[1] Plaintiff asserts an excuse in his opposition to defendant's motion to dismiss, however the court does not consider that because, as indicated above, the court considers only those facts presented in plaintiffs' complaint.

2

to dismiss be denied, defendants are of course free to submit a motion for summary judgment as explained in and pursuant to Albino. Albino v. Baca, 747 F.3d at 1169-71.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Baser and Crisanto's motion to dismiss (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
payn0956.fte